UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONYA HARMASON § | |
| § | |
| v.  § | A Civil Matter |
| § | |
| § | 3:23-cv-00674 |
| G BYRD TRUCKING, LLC, § | |
| AMAZON LOGISTICS, INC. and § | |
| CARLOS LARA § | |
|     Defendants § | |

**FIRST SUPPLEMENTAL AND AMENDED COMPLAINT FOR DAMAGES**

MAY IT PLEASE THE COURT:

NOW COMES Plaintiff, TONYA HARMASAN, pursuant to Rule 15 of the Federal Rules of Civil Procedure, who files this First Supplemental and Amended Complaint for Damages, and avers as follows

## I.   PROCEDURAL HISTORY

1. This litigation began on January 26, 2023, when Plaintiff filed an Original Petition Damages and Requests for Disclosure in the 68th Judicial District Court for the County of Dallas, State of Texas. (See ECF 1-7).

2. On March 3, 2023, Defendant G Byrd Trucking, LLC, filed an Original Answer and Jury Demand in state court proceeding. (See ECF 1-13).

3. On March 17, 2023, Defendant Amazon Logistics, Inc., filed a Motion to Transfer Venue, and Subject Thereto, Original Answer in the state court proceeding. (See ECF 1-15).

4. On March 30, 2023, Plaintiff filed a Memorandum in Opposition to the Motion to Transfer Venue.  (See Exhibit 1).

1

5. On March 30, 2023, Defendant Amazon Logistics, Inc., filed a Notice of Removal transferring the litigation from the state court to this court. (See ECF 1).

6. The Motion to Transfer Venue has not been heard but has presumably been abandoned by Amazon in light of Amazon's decision to remove the litigation to this court.

7. Since this matter has been removed to this court, Amazon has filed a motion to substitute counsel to the same counsel representing G Byrd Trucking, but no motion effecting the merits of this matter has been filed into this court.

8. Plaintiff now submits this First Supplemental and Amending Complaint for Damages, and sets forth as follows:

## II. PARTIES

9. Plaintiff, TONYA HARMASAN, is an individual who resided in Iberville Parish, Louisiana, at the time of the events made the basis of this suit.

10. Defendant, G BYRD TRUCKING, LLC, (G Byrd Trucking), is a limited liability company having its principal office in Comal County, Texas. G Byrd Trucking may be served through its registered agent for service of process, United States Corporation Agents, Inc., located at 9900 Spectrum Drive, Austin, Texas 78717, and through its President, Garyn Byrd, at 1189 Bulverde Road, Bulverde, Texas 78163.

11. Defendant AMAZON LOGISTICS, LLC (Amazon), is a foreign, for profit corporation formed in Delaware but with multiple principal offices throughout the State of Texas. Amazon conducts a substantial amount of business in Texas and also maintains continuous and systematic contacts with Texas such that it is

subject to the jurisdiction of this Court. Amazon also has contacts with Texas related to the incident that is the subject matter of this litigation which permit this Court to exercise specific jurisdiction over the Defendant. Amazon may be served through its registered agent for service of process Corporation Service Company, d/b/a Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

12. Defendant, CARLOS LARA (Mr. Lara) is an individual who was an employee of G Byrd Trucking, and who was in the course and scope of his employment at the at the time of the crash that is the subject matter of this litigation. Mr. Lara's address is believed to be 1327 Autumn Moon, San Antonio, TX 78245.

13. Whenever in this Complaint it is alleged that a Defendant did or failed to do any act or thing, it is meant that the respective Defendant's governing body, directors, officers, agents, servants, employees and/or other representatives and/or independent contractors subject to its control, did or failed to do any act or thing and that, at the time such conduct occurred, it occurred with the authorization and/or ratification of such Defendant and/or was done in the normal and routine course and scope of employment or agency of the Defendant, and/or pursuant to the Defendant's direction and control.

14. At all relevant times, each Defendant was an agent of the other Defendants for purposes of providing shipment and delivery services to the public. In committing the acts alleged herein, Defendants acted within the scope of their agency and were acting with the consent, permission, authorization and knowledge of the other respective Defendants, and perpetrated and/or conspired to or aided and

abetted the grossly negligent acts described herein. All actions of the Defendants alleged herein were ratified and approved by the other respective Defendants and their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators.

### III. JURISDICTION

15. Jurisdiction is proper in this Court pursuant to 28 USC § 1332 (a)(1) because the parties are citizens of different states and the amount in controversy is in excess of $75,000.

### IV. VENUE

16. Venue is proper in this Court pursuant to 28 USC § 1391 (b)(2) because a substantial part of the events giving rise to the Plaintiff's claims occurred within the area covered by the U.S. District Court for the Northern District of Texas.

### V. FACTUAL BACKGROUND

17. This lawsuit arises as the result of a motor vehicle collision that occurred on February 3, 2021.  Plaintiff was in a parked in a commercial tractor-trailer outside of an Amazon distribution center in Coppell, Texas.  She was standing up in the area outside of her bunk at the time changing clothes.

18. Defendant Mr. Lara was operating commercial motor freight vehicle owned by G Byrd Trucking and towing a trailer owned by Amazon.  Based upon information and belief G Byrd Trucking was under higher by Amazon for the delivery of goods and services.



19. As Mr. Lara was exiting the Amazon facility, he struck the side of Plaintiff's vehicle with sufficient impact to bend a metal rim on her vehicle and to drag her vehicle out of its parking spot.



20. Plaintiff felt a sudden and violent jolt as the G Byrd tractor and Amazon trailer collided into her vehicle. The impact and subsequent movement caused Plaintiff to fall over in the small space inside of her cab, injuring multiple parts of her body.

21. As a result of the collision Plaintiff has suffered physical, mental, emotional, and financial injuries.

## VI.  CAUSES OF ACTION

### A.   COUNT 1 – NEGLIGENCE

#### A.1.   Negligence and Gross Negligence Against All Defendants

22. Plaintiff reavers and incorporates each and every allegation and fact contained in this pleading as though set forth, *in extenso.*

23. Defendants had a duty to operate safe tractors and trailers on the streets where Defendants' drivers and agents travel to deliver Amazon products and services.

24. Defendants also had duty to refrain from engaging in conduct which, when viewed objectively from the Defendants' standpoint at the time of the event, act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and about which they had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.

25. Defendants breached their duty owed to Plaintiff when Mr. Lara, with the permission, and ratification, of the other Defendants, initiated his dangerous, careless, and reckless maneuver causing a crash into Plaintiff's vehicle.

26. Defendant Mr. Lara had a duty to exercise ordinary care and operate Defendant's vehicle reasonably and prudently, and to take precaution to avoid hitting a stationary object.

27. In addition to the above, by their actions and/or omissions, Defendants also breached their duties and were negligent, grossly negligent and/or acted with malice in at least the following regards:

    a. Failing to maintain a proper lookout;

    b. Failing to maintain proper control of the vehicle being operated;

    c. Failing to pay attention to the roadway;

    d. Failing to properly turn or steer the vehicle being operated;

    e. Driving recklessly with willful and wanton disregard for the safety of others;

    f. Failing to properly train their employee or agent;

    g. Failing to properly supervise their employee or agent;

    h. Failing to inspect and maintain their equipment;

    i. Negligent hiring;

    j. Failing to act with the reasonable caution and ordinary prudence of an ordinary driver in like circumstances;

    k. Defendants G Byrd Trucking and Amazon had a duty to exercise care and control over their employees and equipment;

    l. Permitting Mr. Lara to operate his vehicle unsafely and not in conformance with state and federal regulations or standards including, but not limited to, Sections and of the Texas Commercial Motor Vehicle Handbook;

    m. Defendants violated the general duty under state and federal regulations including, but not limited to, 49 CFR §396.3, of trucking company to maintain its vehicles and trailers in good working order, to maintain repair records and inspection reports, and to make periodic inspections of each truck and trailer; and

      n. Such other acts or omissions as may be discovered throughout the course of this litigation or at the trial of this matter.

      o. Such other acts or omissions as may be discovered throughout the course of this litigation or at the trial of this matter.

28. Defendants' breaches of the above and foregoing duties proximately caused injury to Plaintiff, which resulted in the following damages: a) attorney's fees; b) past and future pain and suffering; c) past and future mental anguish; d) physical impairment; e) past and future medical expenses; and f) lost wages.

29. The conduct of Defendants was reckless and without regard for the safety and rights of Plaintiff and the general public and demonstrates a conscious and deliberate indifference. The actions of Defendants constitute gross negligence which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

    **A.2.**    **Negligence *Per Se***

30. Plaintiff reavers and incorporates each and every allegation and fact contained in this pleading as though set forth, *in extenso.*

31. Plaintiff is a member of the class sought to be protected by Texas Transportation Code Sections 545.057, 545.060, and 545.104.

32. At the time of the crash, the State of Texas had in full force and effect various traffic statutes that Defendants violated including, but not limited to, the following:

    a. in willful and wanton disregard for the safety of persons and property in Violation of Texas Transportation Code 545.401;

    b. in recklessly engaging in conduct that placed another in imminent danger of serious bodily injury in Violation of Texas Transportation Code 545.421;

    c. in engaging in conduct that violates Texas Penal Code 19.01.

33. Defendants' conduct is an unexcused breach of the duties imposed by the Texas Transportation Code Section 545, including but not limited to the sections previously specifically named, which resulted in injuries to Plaintiff.

34. As direct and proximate result of Defendants' negligence per se, Plaintiff sustained severe pain and mental anguish, emotional distress, and financial losses, all for which Plaintiff is entitled to recover in excess of the minimum jurisdictional limits 0f this Court.

### A.3.    Respondeat Superior and Vicarious Liability

35. Plaintiff reavers and incorporates each and every allegation and fact contained in this pleading as though set forth, *in extenso.*

36. At the time of the accident that is the subject of this litigation Defendant Mr. Lara was engaged in the course and scope of his employment with G Byrd Trucking and Amazon, and was acting in furtherance of the mission or business interests of G Byrd Trucking and Amazon.

37. As a result, G Byrd Trucking and Amazon are both directly and vicariously liable for the actions of Mr. Lara under the doctrine of *Respondeat Superior.*

### A.4.    Negligent Hiring, Training and Supervision

38. Plaintiff reavers and incorporates each and every allegation and fact contained in this pleading as though set forth, *in extenso.*

39. In addition to each allegation previously pled herein, Defendants G Byrd Trucking and Amazon had a duty hire competent employees, a duty to properly train its employees, and a duty to supervise the conduct of its employees.

40. Defendants G Byrd Trucking and Amazon owed duty to its other employees and to the general public to ascertain the qualifications and competence of the drivers they hire, especially when agents are engaged in occupations that require skill or experience and that could be hazardous to the safety of others.

41. G Byrd Trucking and Amazon were negligent in its hiring of Mr. Lara by failing to conduct a reasonable interview, background check, or other screening of Mr. Lara before placing him into the employ of the company.

42. G Byrd Trucking and Amazon were negligent in its training of Mr. Lara by failing to instruct him in safety procedures for operating a vehicle on a public road and to ensure that he understood and was proficient in said procedures.

43. G Byrd Trucking and Amazon were negligent in its supervision of Mr. Lara by failing to ensure that he was at all times complying with the procedures of the company for the safe operation of a vehicle on a public road.

44. As a result of the negligence by G Byrd Trucking and Amazon in hiring, training, and supervising Mr. Lara, Plaintiff has incurred and is continuing to incur mental, physical, emotional, and financial damages.

## VII.  CONDITIONS PRECEDENT

45. All conditions precedent to Plaintiff's presentment of these claims have been performed, waived, or excused.

## VIII.  DAMAGES

46. As a directly and proximate result of the acts or omissions of Defendants, Plaintiff has incurred damages as follows:

    a) Past, present, and future pain and suffering;

      b) Past, present, and future emotional distress;

      c) Past, present, and future mental anguish;

      d) Past, present, and future impairment;

      e) Past and future medical expenses;

      f) Past and future lost wages; and

      g) Loss of earning capacity.

## IX. ATTORNEY'S FEES & COSTS

47. As a result of Defendants' conduct, as described herein, Plaintiff has retained Rusty M. Messer with the law firm of Big River Trial Attorneys, to prosecute this action on her behalf and has agreed to pay the firm's reasonable and necessary attorney's fees. Defendants should be ordered to pay reasonable attorney's fees, and judgment should be rendered against Defendants in favor of this attorney.

## X. PRAYER

48. For these reasons, Plaintiff asks that the court issue citation for Defendants to appear and answer and that on final judgment the court award Plaintiff:

      a. Actual damages;

      b. Compensatory damages;

      c. Consequential damages;

      d. Exemplary Damages;

      e. Past, present, and future pain and suffering;

      f. Past, present, and future mental anguish;

      g. Past, present, and future emotional distress;

      h. Past, present, and future impairment;

> i. Pre-and post-judgment interest at the maximum rates permitted by law;
>
> j. Reasonable and necessary attorney's fees;
>
> k. Court costs;
>
> l. Expert witness fees;
>
> m. Costs of depositions and other litigation related expenses; and
>
> n. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,



_____
Rusty M. Messer. T.A.
TX Bar No. 24082484
LA Bar No. 30634
4626 Sherwood Common Blvd., Suite 303
Baton Rouge, LA 70816
T. 225.963.9638
F. 225.384.6762
*rusty@BigRiverLaw.com*

_____
AVIA RICE GAUTHIER
TX BAR NO. 24090119
2425 N Central Expy Ste 700
Richardson, TX 75080-2860
T: 214.377.0786
*avia@gauthierlawfirm.com*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 10th day of July, 2023, the above and foregoing pleading was electronically served on counsel of record in this matter by the Court's ECF filing system through ECF notification.

_____
RUSTY M. MESSER

**CERTIFICATE OF CONSENT OF OPPOSING COUNSEL**

    I hereby certify that in compliance with Federal Rule of Civil Procedure 15, I have conferred with opposing counsel and there is no opposition to the filing of this amended complaint.

_____
RUSTY M. MESSER